United States District Court
Southern District of Texas
**ENTERED**
July 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VALERO ENERGY, LTD.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-02034 |
| § | |
| **CLYDE BERGEMANN US, INC.,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion to Amend Judgment to Add Alter Egos as Judgment Debtors. ECF No. 28. Plaintiff has also recently filed a Motion to Compel seeking evidence related to its alter ego theory. ECF No. 31. For the following reasons, the Motion to Amend is **DENIED** and the Motion to Compel is **DENIED AS MOOT.**

### I. BACKGROUND

In February 2018, Valero Energy LTD ("Valero") filed the underlying arbitration, *Valero Energy, Ltd. v. Clyde Bergemann US, Inc. and Clyde Bergemann Power Group Americas, Inc.*, ICDR No. 01-18-0000- 8127. Valero brought claims against two Respondents, Clyde Bergman U.S. Inc and Clyde Bergman Power Group Americas, Inc., related to allegedly malfunctioning dampers used in a waste heat recovery boiler. The arbitration panel entered a Partial Final Award in Valero's favor on December 17, 2020, and entered a Final Award for Valero on March 1, 2021.

This Court confirmed both the awards by judgment entered on July 8, 2021. ECF No. 3. On July 22, 2021, the Court entered an Amended Judgment, clarifying that the two Respondents

in arbitration were predecessor entities to the current judgment-debtor Clyde Bergman Power Group Americas LLC ("CBPGA"). ECF No. 5.

In the intervening years, it appears that Valero has had difficulty enforcing the judgment against CBPGA, which asserts that it does not have sufficient funds to pay. Valero now moves to amend the judgment to add CBPGA's alleged alter egos, Clyde Bergeman Power Group LLC and Clyde Bergeman Power Group Management GmbH, as judgment debtors. ECF No. 28.

## II.   ANALYSIS

The Court's analysis begins and ends with the fact that Valero has not identified a legal basis that would permit the Court to amend the judgment to include the third parties that Valero argues are CBPGA's alter egos. Valero contends that Federal Rule of Civil Procedure 69(a), which applies to the execution of judgments, gives the Court such authority. Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." *Peacock v. Thomas*, 516 U.S. 349, 359 n.7 (1996). Fatally, Valero identifies no authority indicating that Texas law allows amendment of a judgment to add a judgment debtor's alter egos. Instead, Valero adduces authorities applying California law. *See, e.g.*, *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998); *In re Torres*, 594 B.R. 890, 895 (Bankr. C.D. Cal. 2018); *AzoogleAds.com v. White*, No. MISC. 10-156-SLR, 2011 WL 902426, at *2 (D. Del. Mar. 14, 2011) (applying California law). However, the outcomes in those cases were explicitly predicated on the fact that California law allows for amending final judgment to add a debtor's alter ego. *See Cigna*, 159 F.3d at 421 ("Rule 69(a) permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits. California allows motions to add alter-ego judgment debtors within a reasonable period of time." (citations and quotations omitted)).

In contrast, the Texas Supreme Court has disavowed the California rule. In *Gentry v. Credit Plan Corp. of Houston*, the Texas Supreme Court cited to a California case where the court amended a judgment to add the judgment debtor's alter ego. 528 S.W.2d 571, 575 (Tex. 1975) (citing *Mirabito v. San Francisco Dairy Co.*, 8 Cal. App. 2d 54, 59 (1935)). In doing so, the Court was careful to note, "[w]e are not suggesting that under our practice a defendant may be added by the trial court after a judgment has become final on appeal." *Id.* at 575 n.1. In a later case, the Texas Supreme Court interpreted the footnote in *Gentry* as follows:

> *Gentry* cites *Mirabito* for the substantive proposition that suit against a corporation will toll limitations as to the alter ego, but the footnote makes clear that Texas courts cannot use the same procedural device as was used in California—**i.e., Texas courts cannot simply add the name of an alter ego to a judgment that is final.**
>
> *Matthews Const. Co. v. Rosen*, 796 S.W.2d 692, 693 (Tex. 1990) (emphasis added).[1]

Instead, the appropriate mechanism for seeking to enforce a judgment against a judgment debtor's alter ego is a separate enforcement action. *Id.*

Accordingly, the Court does not have the authority under Rule 69(a) to amend the judgment to include CBPGA's putative alter egos.[2] While the Court is sympathetic to Valero's difficulty in obtaining payment from CBPGA, the Court cannot grant it the relief it seeks.

### III.   CONCLUSION

---

[1] Other federal courts that have considered the question have likewise declined to adopt California's approach absent a showing that state law in the relevant jurisdiction permits altering a final judgment in such a way. *See, e.g.*, *Sentry Med. Prod. v. Am. Dental Supply, LLC*, No. 02-C-426, 2008 WL 2694897, at *1-2 (E.D. Wis. July 3, 2008); *Nykcool A.B. v. Pac. Fruit Inc.*, No. 10 CIV. 3867 LAK AJP, 2012 WL 1255019, at *7-8 (S.D.N.Y. Apr. 16, 2012); *Transfirst Grp., Inc. v. Magliarditi*, No. 217CV00487APGVCF, 2017 WL 2294288, at *2 (D. Nev. May 25, 2017).

[2] CBPGA also argues that the Motion should be denied because amendment of the arbitration award is not proper under the FAA, the Court lacks personal jurisdiction over the third-party entities, and the third-party entities are not in fact alter egos. Having found that denial of the Motion is appropriate on other grounds, the Court does not reach these arguments.

Valero's Motion to Amend Judgment to Add Alter Egos as Judgment Debtors, ECF No. 28, is **DENIED.** Insofar as Valero's Motion to Compel is premised on the need to gather evidence related to its alter ego theory, the Motion to Compel, ECF No. 31, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 26, 2024.

_____
Keith P. Ellison
United States District Judge